UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:19-cr-53-CEH-AAS

ROBINSON VIVEROS-ANGULO
_____/

## O R D E R

This matter comes before the Court on Defendant's Motion to Request Sentence Reduction under Rule 35 (Doc. 237), filed on February 6, 2023.  In the motion, Defendant requests a reduction in his sentence pursuant to Federal Rule of Criminal Procedure 35 for cooperation he has provided to the Government. The Government responded that Defendant's motion for a sentence reduction pursuant to Rule 35 is not yet ripe because his cooperation is ongoing. Doc. 238. As for cooperation previously provided, the Government states that Defendant received the benefit of a downward departure at the time of his sentencing.  The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion.

## I.      STATEMENT OF FACTS

On March 29, 2022, Defendant Robinson Viveros Angulo pleaded guilty in open court to Count I of the indictment which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *See* Doc. 130, 133. After granting the

Government's motion for a downward departure based on Defendant's substantial assistance, the Court sentenced Defendant to a term of incarceration of 168 months on July 1, 2022. Docs. 160, 163.

## II.    LEGAL STANDARD

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

## III.    DISCUSSION

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86

(1992)). Moreover, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. Nonetheless, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

Here, Defendant seeks a post-sentence reduction because he provided information which he claims led to the arrest of others. Moreover, Defendant argues that he fully cooperated with authorities. In response, the Government acknowledges that Defendant has provided assistance but submits he has already received credit for his cooperation by way of a downward departure at the time of his sentencing. The Government acknowledges Defendant's continued cooperation but claims that such cooperation is incomplete and any consideration by the Court now would be premature. The Government represents that once Defendant's cooperation is complete, it will be considered in accordance with the plea agreement for any potential motion for reduction under Rule 35.

As discussed above, Defendant has already received a reduction in his sentence and credit for his pre-sentencing cooperation. According to the Government, while Defendant has cooperated post-sentence, his cooperation is ongoing and not yet complete. Defendant has not alleged and provided a substantial showing that the Government's refusal to file another Rule 35 substantial assistance motion at this time is based on a constitutionally impermissible motive. Accordingly, Defendant's request for a sentence reduction is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1.       Defendant's Motion to Request Sentence Reduction under Rule 35 (Doc. 237) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4